# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

FRED JOHNSON

NO. 2020 KW 0794

**NOVEMBER 10, 2020**

---

In Re:     Fred Johnson, applying for supervisory writs, 17th Judicial District Court, Parish of Lafourche, Nos. 328425 & 328436.

---

**BEFORE:    GUIDRY, McCLENDON, AND PENZATO, JJ.**

   **WRIT DENIED.**   In **Ramos v. Louisiana,** __ U.S.__, ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court held, "the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally." However, the Court declined to address whether its holding applied retroactively to cases on collateral review. The Court specifically observed that the question of "[w]hether the right to jury unanimity applies to cases on collateral review is a question for a future case where the parties will have a chance to brief the issue and we will benefit from their adversarial presentation." See **Ramos,** ___ U.S. at ___, 140 S.Ct. at 1407. The question of whether **Ramos** must apply retroactively to cases on federal collateral review is currently pending before the Court. **Edwards v. Vannoy,** __ U.S. __, 140 S.Ct. 2737, 206 L.Ed.2d 917 (2020). Moreover, the Louisiana Supreme Court has declined to definitively rule on whether **Ramos** should apply on collateral review in state court proceedings pending a decision in **Edwards.** See **State v. Gipson,** 2019-01815 (La. 6/3/20), 296 So.3d 1051, 1052 (Johnson, C.J., dissenting to point out that she disagreed with the majority's decision to defer ruling until the United States Supreme Court mandates action). Therefore, we are constrained to deny relief at this time. However, our decision does not preclude relator from reurging the issue in the district court if warranted by the decision of the higher court(s).

JMG
PMc
AHP

COURT OF APPEAL, FIRST CIRCUIT

_____
        DEPUTY CLERK OF COURT
          FOR THE COURT